IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Earnest Vaughn, | ) | Case No. 6:23-cv-04220-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Turbeville Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment and Petitioner's motions for evidentiary hearing, to appoint counsel, for an injunction, and for leave to supplement the record. [Docs. 28; 45; 54; 77.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On July 23, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's summary judgment motion be granted and that Petitioner's motions for evidentiary hearing and to appoint counsel be found as moot. [Doc. 51.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 38.] Between August 12 and September 13, 2024, the Clerk docketed objections from Petitioner and additional attachments. [Docs. 56; 65; 67; 68; 76.] Respondent filed

replies to the objections on August 12 and 29, and September 9, 2024.  [Docs. 58; 69; 74.]

On July 29, 2024, the Clerk docketed a motion from Petitioner requesting injunctive relief from Respondent's alleged attempts to thwart his litigation of this case, and Respondent filed a response opposing the motion on August 12, 2024.  [Docs. 54; 59.]  On October 15, 2024, the Clerk docketed a motion from Petitioner for leave to supplement the record.  [Doc. 77.]  Respondent filed a response on October 29, 2024, opposing the motion, and on November 12, 2024, the Clerk docketed a reply from Petitioner.  [Docs. 78; 79.]  The motions are all ripe for review.

## **BACKGROUND**

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Petitioner's objections.

The Petition raises the following grounds for relief, quoted substantially verbatim:

**GROUND ONE:**   Illegal traffic stop, illegal detention of person, illegal search, violation of the Fourth Amendment to the United States Constitution.

*Supporting Facts*:   Police stated they made traffic stop on "false information" that Laurens County had an active arrest warrant for the driver of vehicle.  Then claimed Petitioner talked to CI about a drug deal (false testimony) CI testimony enclosed.  Then claimed they had an active warrant for Petitioner during stop.  False testimony also (pre-text).  See testimony of Josh Hood also enclosed who also admitted illegal search.

**GROUND TWO:**   Tainted evidence, broken chain of custody

*Supporting Facts*:   Greg Allison testified he packaged evidence on March 2, 2016.  He was led by prosecutor Ms. White to

2

    change his testimony to February 8, 2016, that is listed on a fabricated chain of custody. SLED never tested any evidence. There was no lab results and no one from SLED signed the chain of custody. SLED's Lynn Black lied under oath about testing of drugs. Petitioner raised this issue during trial pro se, because trial counsel wouldn't.

**GROUND THREE:** Subject Matter Jurisdiction

*Supporting Facts:* Prosecutor Micah Black forged these indictments (copies encl); on May 6, 2016, and rushed this case to trial on October 31, 2016. The Court calendar for the 8th Judicial Circuit Court will show that there was no Court of General Sessions on May 6, 2016, and no grand jury was empaneled under jurisdiction of that court for the lawful return of an indictment. No True Bill Stamp or grand jury seal. Copies of indictments enclosed. Can be raised anytime by law.

**GROUND FOUR:** Ineffective assistance of counsel Jane Merrill

*Supporting Facts*: Trial counsel admitted she was trying this case without co-counsel. She failed to object when prosecutor Micah Black admitted to tampering with dash cam video cutting it down to 19 minutes and suppressing the audio. She admitted she would not challenge broken (fabricated) chain of custody. She also failed to object to the prosecutors vouching for state witness during closing argument.

**GROUND FIVE:** *Miranda* Violation 5th Amendment to the United States Constitution

    Police falsely claimed Petitioner made a statement to police and conspired with prosecutor Micah Black to request a *Jackson v. Denno* hearing. The State had no statement to suppress. Petitioner never made any statement. No audio or a written statement.

    The prosecutor tampered with the dash-cam video and took the audio sound out at the point when *Miranda* was read. Petitioner stated, "I will not answer any questions without my lawyer present." Trial counsel

>                was ineffective for failing to object to holding a *Jackson v. Denno* hearing.

[Doc. 1 at 5, 7, 8, 10, 16.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v.*

4

*Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## APPLICABLE LAW

### Habeas Corpus

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was

5

unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101–02 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. 668, 687 (1984).  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."  *Richter*, 562 U.S. at 101.  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."  *Id.*; *see*

*also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Consequently, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

## DISCUSSION

The Court will address Petitioner's objections with regard to the Magistrate Judge's analysis and recommendations concerning each of Petitioner's grounds.

**Ground One**

In Ground One, Petitioner claims that he was subjected to an illegal traffic stop, an illegal seizure of his person, and an illegal search, all in violation of the Fourth Amendment. [Doc. 1 at 5.] The Magistrate Judge recommends that summary judgment be granted as to Ground One because under *Stone v. Powell,* 428 U.S. 465 (1986), the claim is not cognizable insofar as South Carolina's court system provided Petitioner an adequate opportunity to litigate those constitutional issues. [Doc. 51 at 24–26 (citing *Stone*, 428 U.S. at 481–82 (holding that when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," a state prisoner may not "be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").]

7

In his objections concerning Ground One, Petitioner largely avoids addressing the Magistrate Judge's determination that his claim is barred by the *Stone* doctrine. [Docs. 56 at 3–4, 7; 65 at 1–2; 67; 68 at 2.[1]] Although he states that he "objects to the State's allegation that [Petitioner] was given the right to [a] full[] and fair[] adjudication [of his Fourth Amendment rights] in the direct appeal, P.C.R. or Writ of Cert[i]orari" and that "the *Stone* Doctrine should not apply to the 4th Amendment violation in this case," he does not offer any argument explaining the basis of that objection. [Docs. 56 at 4; 68 at 2.] Given that Petitioner has not addressed the Magistrate Judge's analysis, the Court's review could be for clear error only. *See Regassa*, 2023 WL 2386515, at *2. Nonetheless, out of an abundance of caution for the pro se Petitioner, the Court has considered the issue de novo and agrees that the *Stone* doctrine bars Ground One for the reasons the Magistrate Judge explained.[2] [Doc. 51 at 24–26.] Accordingly, summary judgment is granted in favor of Respondent as to Ground One.

---

[1] At one point, Petitioner argues that he objects "to the recommendation of summary judgment being granted on the, '4th amendment violation,' using the [*Stone*] Doctrine, as being procedurally barred due to the fact it was not raised on the direct appeal." [Doc. 56 at 3.] However, the Magistrate Judge did not determine that the claim was procedurally barred due to not being raised on direct appeal.

[2] Petitioner also argues that the *Stone* doctrine would not bar a Sixth Amendment claim for ineffective assistance of counsel based on the failure of appellate counsel to argue the Fourth Amendment issue on direct appeal. [Doc. 65 at 2.] However, Ground One includes only a direct Fourth Amendment claim, not a claim of ineffective assistance. Insofar as the claim of ineffective assistance of appellate counsel is raised for the first time in Petitioner's objections, the Court declines to address it. *See Samples v. Ballard*, 860 F.3d 266, 275–76 (4th Cir. 2017) (holding that a district court is not required to consider new claims raised for the first time in objections to a Report and Recommendation). And to the extent Petitioner means to argue that appellate counsel's ineffectiveness preempts application of the *Stone* doctrine, he identifies no precedent supporting that proposition and the Court is not aware of any.

**Ground Two**

In Ground Two, Petitioner addresses the chain of custody of the confiscated drugs and the veracity of witness testimony, namely, Officer Greg Allison of the Greenwood County Sheriff's Department and Lynn Black of SLED. [Doc. 1 at 7.] As the Magistrate Judge summarized, Petitioner specifically asserts that "Assistant Solicitor Black led Officer Allison to change his testimony so that it corresponded with the 'fabricated chain of cutody,' SLED never tested any evidence, and Ms. Black 'lied under oath about testing of drugs.'" [Doc. 51 at 26.] The Magistrate Judge concluded that "these are direct appeal issues, and thus the claims are procedurally defaulted based on [Petitioner's] failure to raise the issues in his direct appeal." [*Id.*] Additionally, the Magistrate Judge concluded that Petitioner improperly attempted to raise a new ground for federal habeas relief in his response opposing summary judgment—that appellate counsel was ineffective for raising Black's conduct as an appellate issue[3]—and, in any event, that Petitioner's allegation that no SLED testing of the drugs took place is objectively false. [*Id.* at 27.] The Magistrate Judge liberally construed the last sentence of Ground Two as a claim of ineffective assistance of trial counsel that was addressed by the PCR court—namely, Petitioner's allegation that trial counsel refused to argue this issue during the trial. [*Id.*] The Magistrate Judge therefore considered whether Petitioner could overcome the AEDPA standard as to that claim. [*Id.* at 28.] The Magistrate Judge summarized the PCR court's analysis of trial counsel's decisions, explained why the decisions were reasonable, and

---

[3] The Magistrate Judge concluded alternatively that the PCR court rejected this claim and, under federal habeas review, that ruling was not an unreasonable application of clearly established federal law, nor was it an unreasonable finding of facts in light of the state court record. [Doc. 51 at 27 n.7.]

9

explained why pursuing the issue Petitioner sought to raise would not have affected the result of the trial. [*Id.* at 28–29.] The Magistrate Judge further explained why the PCR court's denial of the ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. [*Id.* at 29–30.]

In his objections, Petitioner repeats his factual allegations regarding the chain-of-custody issue but does not acknowledge the Magistrate Judge's analysis of why Respondent is entitled to summary judgment regarding Ground Two. [Docs. 56 at 5–7; 65 at 3–4.] Because Petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief," the Court's review could be for clear error only. *See Regassa*, 2023 WL 2386515, at *2. Nevertheless, out of an abundance of caution for the pro se Petitioner, the Court has conducted a de novo review of the Report, the record, and the applicable law as it pertains to Ground Two. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference as to this ground and thus grants summary judgment in favor of Respondent as to Ground Two.

**Ground Three**

In Ground Three, Petitioner claims the trial court lacked subject-matter jurisdiction because Assistant Solicitor Black "forged" the indictments against him and then "rushed th[e] case to trial." [Doc. 1 at 8.] He maintains that there actually was no grand jury empaneled during the time at issue and that the indictments do not have a true bill stamp or grand jury seal. [*Id.*] The Magistrate Judge concluded that this claim raises only a matter of state law and is thus not cognizable for federal habeas relief. [Doc. 51 at 30–31.] The Magistrate Judge further reasoned that any claim of prosecutorial misconduct

concerning the indictments or grand jury matters is procedurally barred because it was not raised on direct appeal or ruled upon by the PCR court. [*Id.* at 31–32.]

In his objections, Petitioner argues that the insufficiency of the state indictment not only deprived the state court of jurisdiction but also amounts to a denial of his federal constitutional rights to due process and equal protection of the laws, and he argues that the failure by appellate counsel to raise the indictment issue constituted ineffectiveness. [Docs. 56 at 2; 65 at 4.] As to jurisdiction, the Magistrate Judge correctly noted that Petitioner testified at the PCR hearing that he was aware of and understood the charges and that, in any event, "'circuit courts have subject matter jurisdiction to try criminal cases regardless of whether there is a valid indictment in any particular case.'" [Doc. 51 at 31 & n.9 (quoting *Epps v. Bazzle*, No. 9:07-cv-3113-RBH, 2008 WL 2563151, at *2 (D.S.C. June 23, 2008)).] As for Petitioner's attempts to raise the issues of due process, equal protection, and ineffectiveness of appellate counsel, the Court declines to address these claims raised for the first time in Petitioner's objections. *See Samples*, 860 F.3d at 275–76.

Having conducted a de novo review of the Report, the record, and the applicable law as it pertains to Ground Three, the Court accepts the Report and incorporates it by reference as to this ground and thus grants summary judgment in favor of Respondent as to Ground Three.

**Ground Four**

As correctly described by the Magistrate Judge, Ground Four contains four separate ineffective assistance of trial counsel allegations:

> 1) trial counsel was ineffective for trying the case without co-counsel; 2) trial counsel failed to object when Assistant

> Solicitor Black allegedly admitted to tampering with the dash camera video (cutting it down to nineteen minutes and suppressing the audio); 3) trial counsel failed to challenge the allegedly broken and fabricated chain of custody; and 4) trial counsel failed to object to the prosecution's vouching for a State witness during its closing argument.

[Doc. 51 at 32.]  The Magistrate Judge concluded that the first allegation of Ground Four is procedurally defaulted because there was no ruling from the PCR court regarding ineffective assistance of counsel for trying Petitioner's case without co-counsel, Petitioner did not raise the issue in his PCR appeal, and Petitioner failed to articulate either cause for the default, actual prejudice from the asserted error, or that some fundamental miscarriage of justice would occur if the claim is not considered.  [*Id.* at 32–33.]  The Magistrate Judge also concluded that the fourth allegation of Ground Four is procedurally defaulted because it was not presented to and ruled on by the PCR court.  [*Id.* at 33.]  Additionally, the Magistrate Judge noted that because Petitioner has not identified what portion of the closing argument he contends constitutes improper vouching by the solicitor, Respondent could not address the merits of the claim.  [*Id.*]

After providing an overview of the PCR court's analysis, the Magistrate Judge concluded that the second allegation of Ground Four is not procedurally defaulted and addressed it on the merits.  Because the Magistrate Judge considered the PCR court's resolution of this issue, a review of the PCR court's reasoning is helpful.  The PCR court explained its analysis as follows:

> [Petitioner] alleges Trial Counsel was ineffective for failing to challenge the statement he made to law enforcement, on the basis that the dashboard camera lacked audio during certain points.
>
> [Petitioner] testified Trial Counsel was ineffective for failing to move to suppress [Petitioner's] statement to law

12

enforcement. More specifically, [Petitioner] argues he invoked his Sixth Amendment right by asking for an attorney and informing law enforcement he would not make a statement until he spoke with an attorney. [Petitioner] testified that his statement was not heard on the dashboard camera video because the audio cut out of the dashboard at the exact moment he made that statement.

Trial Counsel testified there w[ere] some issues with the audio on the dashboard camera. Trial Counsel testified she verified with Black that the State's copy also contained the same audio issues. Trial Counsel said that based on her review of the video, she did not believe the intermittent lack of audio was crucial or helpful to [Petitioner's] case. Trial Counsel testified that she still attempted to suppress the statements made by [Petitioner] during a *Jackson v. Denno* hearing, but her motion was unsuccessful.

This court finds Trial Counsel's testimony credible, while also finding [Petitioner's] testimony not credible. As Trial Counsel testified, Commander Chad Cox and Captain Jarvis Reeder, the two officers whom [Petitioner] made statements to at the scene, testified during a pre-trial *Jackson v. Denno* hearing. Both Cox and Reeder testified that they read [Petitioner] his *Miranda* rights, and that [Petitioner] did not ask for a lawyer when [he] was read his [*Miranda*] rights. (Trial Tr. 67-68; 78-79). Moreover, Trial Counsel cross examined each officer during the pre-trial hearing. (Trial Tr. 69-75; 79-114). Based on the credible testimony, the trial court denied [Petitioner's] motion to suppress, finding that [Petitioner] voluntarily made the statements and that there were no *Miranda* violations. (Trial Tr. 91.) Moreover, despite the fact that the statement was admissible based on the trial court's ruling on trial counsel's motion, trial counsel was able to question the officers regarding the audio issues, which allowed the jury to assess the credibility of the evidence accordingly. Accordingly, [Petitioner] has failed to meet his burden as to deficiency.

[Petitioner] has also failed to establish any resulting prejudice from Trial Counsel's alleged deficiency. [Petitioner] did not show this Court what additional arguments Trial Counsel should have raised regarding the alleged *Miranda* violations but did not. Further, [Petitioner] has not shown this court how any additional arguments or cross-examination would have changed the outcome of his case. Based on the

13

> standard set forth above, this Court finds [Petitioner] has failed to meet his requisite burden of establishing constitutional ineffectiveness of Trial Counsel and, therefore, this allegation is denied and dismissed with prejudice.

[App. 244–45[4] (footnote omitted).]

After providing an overview of the PCR court's analysis, the Magistrate Judge concluded regarding the second allegation of Ground Four "that a reasonable argument exists that [Petitioner's] trial counsel was not deficient" and that "the PCR court's dismissal of this claim was not based on objectively reasonable factual determinations and did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law."  [Doc. 51 on 36.]  Thus, the Magistrate Judge recommends that summary judgment be granted on this ineffective assistance of trial counsel claim that comprises the second allegation of Ground Four.  [*Id.*]

The third allegation in Ground Four claims that Petitioner's trial counsel was ineffective for failing to challenge the allegedly "broken" and "fabricated" chain of custody of the drug evidence used against Petitioner at trial.  [Doc. 1 at 10.]  As noted, the PCR court addressed the chain of custody issue, as the Court has already discussed concerning Ground Two above.  For the same reasons already discussed concerning Ground Two, the Magistrate Judge recommends that summary judgment be granted as to the third allegation of Ground Four.  [*Id.*]

In his objections concerning Ground Four, Petitioner does not address the Magistrate Judge's analysis.  Rather, Petitioner argues that the Magistrate Judge erred in construing the Petition to raise only the issues Petitioner identified in the Petition.

---

[4] The Appendix is located at Docket Entries 27-1 through 27-5.

14

[Docs. 56 at 2–3; 65 at 8.]  The Court does not agree that the Magistrate Judge erred in his reading of the Petition.  The Petition is quite clear regarding the five claims raised.  The form on which the Petition is filed calls for a petitioner to state each of his grounds and to "[a]ttach additional pages" if he has more than four grounds.  [Doc. 1 at 5.]  Here, Petitioner identified five grounds, four of which fit on the form and one of which he added by attaching an additional page.  [Doc. 1.]  Petitioner maintains, based on his attachment to his Petition of an excerpt from the PCR court's decision, that the Magistrate Judge erred in not construing his Petition to allege all of the issues that the PCR court identified as having been raised by the various PCR applications.  [Docs. 56 at 2–3; 65 at 8.]  Petitioner is incorrect.  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief."  *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).  Accordingly, "a habeas petitioner who generally references allegations raised in other case records and briefs patently fails to comply with Rule 2(c)."  *Minton v. Perry*, No. 1:12CV497, 2014 WL 5605632, at *4 (M.D.N.C. Nov. 4, 2014) (cleaned up), *appeal dismissed*, 594 F. App'x 192 (4th Cir. 2015).

Petitioner also argues that the Magistrate Judge erred in failing to construe Ground Four to raise claims of ineffective assistance of appellate counsel, PCR counsel, and PCR appellate counsel and issues of police and judicial misconduct.  [Doc. 65 at 6–9.]  Because these claims are raised for the first time in Petitioner's objections to the Report, the Court declines to consider them.  *See Samples*, 860 F.3d at 275–76.  The Court therefore grants summary judgment in favor of Respondent as to Ground Four.

**Ground Five**

In Ground Five, Petitioner alleges that Assistant Solicitor Black took the audio out of the video of his arrest "at the point when [*Miranda*] was read"; that Petitioner's trial counsel was ineffective for "failing to object to holding" a *Jackson v. Denno* hearing; and that the officers were dishonest in their testimony on the matter insofar as Petitioner never actually made a statement. [Doc. 1 at 16.] As noted, regarding the claims that Petitioner sought to invoke his rights and did not make a statement, the PCR found Petitioner's testimony not to be credible [App. 244], a determination that is entitled to deference, *see Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (holding that "for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear"). As to the ineffective assistance of counsel claim, the PCR court found Petitioner's trial counsel was not deficient and, in any event, that Petitioner did not establish prejudice even if there was a deficiency. [App. 245.]

As the Court has explained, the Magistrate Judge concluded "that a reasonable argument exists that [Petitioner's] trial counsel was not deficient" and that "the PCR court's dismissal of this claim was not based on objectively reasonable factual determinations and did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law." [Doc. 51 on 36.] As for the direct claim of police misconduct, the Magistrate Judge noted that the PCR court found that Petitioner's allegations of police misconduct were waived and abandoned and thus the court made no ruling on the claim that the police tampered with the video to exclude the audio. [*Id.* at 36–37.] Nonetheless, the Magistrate Judge concluded that "the record simply does not support [P]etitioner's allegation." [*Id.* at 37.] Thus, the Magistrate Judge

16

recommends that summary judgment be granted in favor of Respondent as to Ground Five. [*Id.*]

Petitioner's objections to the Magistrate Judge's recommendation concerning Ground Five do not address the Magistrate Judge's analysis [Doc. 65 at 9–12] and thus review could be for clear error only. *See Regassa*, 2023 WL 2386515, at *2. Nevertheless, out of an abundance of caution for the pro se Petitioner, the Court has conducted a de novo review of the Report, the record, and the applicable law as it pertains to Ground Five. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference as to this ground and thus grants summary judgment in Respondent's favor on Ground Five.[5]

---

[5] Petitioner also states that he wishes to "renew all objections made throughout the filings in this case[, e]specially the objection to the[] untimely reply[ Respondent] filed to the [P]etition on January [11,] 2024." [Doc. 68 at 3 (internal quotation marks omitted); *see* Doc. 65 at 12–13.] However, Respondent's filing was indeed timely in light of the deadline set by the Magistrate Judge in his December 21, 2023, Text Order [Doc. 22]. To the extent that Petitioner's intent is to appeal that ruling or any prior rulings, his objection is too late. *See* Fed. R. Civ. P. 72(a) (concerning nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy" but "may not assign as error a defect in the order not timely objected to").

Petitioner has not objected to the Magistrate Judge's recommendation that if the Court adopts the recommendation that summary judgment be granted in favor of Respondent, the Court should find as moot Petitioner's motion for evidentiary hearing and to appoint counsel. The Court finds no clear error in that recommendation and, accordingly, those motions [Doc. 45] are found as moot. Petitioner's motion to supplement the record [Doc. 77] is denied, as Petitioner has not met the standards for expanding the record pursuant to 28 U.S.C. § 2254(e) or the Rules Governing § 2254 cases. And, because the Court grants summary judgment to Respondent on all Grounds, Petitioner's motion for injunction [Doc. 54] is also found as moot.

## CONCLUSION

For the reasons discussed, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, Respondent's summary judgment motion [Doc. 28] is granted and Petitioner's motions for evidentiary hearing and to appoint counsel [Doc. 45] are FOUND AS MOOT. Further, Petitioner's motion to supplement the record [Doc. 77] is DENIED and Petitioner's motion for injunction [Doc. 54] is FOUND AS MOOT.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 2, 2024
Greenville, South Carolina